**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARTIN HALUPKA JR., and** | § | |
| **MARTIN HALUPKA III** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:03cv350** |
| | § | |
| **FEDERAL EXPRESS** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant, Federal Express Corporation ("Defendant" or "Fed Ex"), submits the following proposed instructions to be given to the jury in the trial of this action, reserving the right to submit requests for additional or modified instructions as warranted.  At this stage, Defendant is unable to anticipate all the evidence that will be adduced at trial and, therefore, respectfully requests leave to submit additional requests based on the evidence that is actually presented.  In addition, Defendant requests leave to submit revised or additional instructions that conform with any rulings the Court may render during the course of these proceedings.  Defendant further maintains that Plaintiffs' claims should be severed and/or separated for purposes of trial, in which case revised instructions would need to be submitted.

Defendant denies liability and further denies that Plaintiff is entitled to any relief under any of her claims.  By submitting these jury instructions, Defendant in no way either explicitly or implicitly changes this position.

Furthermore, Defendant and Plaintiff have agreed to a joint set of jury instructions; however, not all of those instructions were agreed upon.  Thus, Defendant submits these additional instructions as Defendant's Proposed Jury Instructions.

**PROPOSED INSTRUCTION D-1**

**<u>CAUTIONARY INSTRUCTION ON DAMAGES</u>**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

*Authority for Instruction D-1:* Fifth Circuit Pattern Jury Instructions, Civil, § 2.22 (1999).

## PROPOSED INSTRUCTION D-2

## <u>ESSENTIAL ELEMENTS OF A HARASSMENT CLAIM</u>

Plaintiffs claim that they were harassed by supervisory employees because of their race (or with regard to Martin Halupka, Jr., his race or age) and that their employer, FedEx is responsible for the harassing conduct.

Defendant denies Plaintiffs' claims.

It is unlawful for an employer to discriminate against an employee because of the employee's race or age. Race or age discrimination includes racial or ageist harassment. Racial or Ageist harassment is unwelcome conduct.  Conduct is unwelcome if it is unsolicited or uninvited and is undesirable or offensive to the employee.

For Defendant to be liable for racial or ageist harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiffs' employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Simple teasing, offhand comments, sporadic use of offensive language, race or age-related jokes, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. The conduct must be extreme. A workplace filled with discriminatory intimidation, ridicule, and insult may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This means you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

If you find that a Plaintiff was harassed because of their race or age, then you must find for that Plaintiff unless Defendant proves by a preponderance of the evidence both (a) it exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. If Defendant proves (a) and (b), you must find for Defendant.

*Authority for Instruction D-2:* Adapted from 2005 Changes to Pattern Jury Instructions, Fifth Circuit, Civil Cases § 11.4 (2005).

## PROPOSED INSTRUCTION D-3

## <u>ESSENTIAL ELEMENTS OF A RETALIATION CLAIM</u>

Both Martin Halupka, Jr. and Martin Halupka, III  seek damages against FedEx for

retaliation. In order to recover on their retaliation claim, each of them has the burden of

proving each of the following elements by a preponderance of the evidence:

    1.    they engaged in or were engaging in protected activity, that is, they

    opposed illegal discrimination, or because they filed an EEOC

    charge.

    2.    FedEx took an adverse employment action against Plaintiff; and

    3.    the protected activity was one of the reasons for the adverse

    employment action and that but for such activity, the Plaintiff

    would not have been subjected to the adverse employment action.

    If you find that each of the elements on which the Plaintiff has the burden of proof

has been proved, your verdict should be for that Plaintiff. If, on the other hand, the

Plaintiff has failed to prove any one of these elements, your verdict should be for FedEx.

    In addition, your verdict must be for FedEx if it has proved by the preponderance

of the evidence that it would have taken the adverse employment action against Plaintiff

even if he had not engaged in protected activity.

*Authority for Instruction D-3:* Adapted from Eighth Circuit Civil Jury Instructions § 5.62
(July 2002 Proposed Instructions); Ninth Circuit Model Civil Jury Instructions § 12.3A;
42 U.S.C. § 2000e-3.

**PROPOSED INSTRUCTION D-4**

**SPECULATION INSUFFICIENT TO SUPPORT
INFERENCE OF DISCRIMINATION**

Plaintiffs' or any other individuals' subjective belief, conjecture or opinion that Defendant FedEx discriminated against them, no matter how genuine, is insufficient to prove a discriminatory motive.

*Authority for Instruction D-4: Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246 (5th Cir. 1985); *Elliott v. Group Med. & Surg. Serv.*, 714 F.2d 556, 567 (5th Cir. 1983).

## PROPOSED INSTRUCTION D-5

### <u>PROOF OF INTENT</u>

The question before you is not whether FedEx treated Plaintiffs fairly, but whether Plaintiffs have proven that FedEx intentionally discriminated against them because of their race or because they engaged in protected activity.  Although the law requires an employer to make employment decisions without regard to race, the law does not require an employer to give any special or favorable treatment to employees based on the employee's race.  Moreover, it is not your role to second-guess the business judgment of FedEx.  An employer is entitled to make its own subjective business decisions, even if they seem harsh, unfair, or misguided to you, and even if you disagree with them, provided the decisions are not a pretext for unlawful discrimination.

FedEx is not required to prove that it was correct in its decisions.  FedEx only has to establish that it is more likely than not that the individuals who made these decisions acted in good faith.

*Authority for Instruction D-5: Risher v. Aldridge*, 889 F.2d 592, 598 (5th Cir. 1989)*; Waggoner v. City of Garland, Texas*, 987 F.2d 1160, 1165 (5th Cir. 1993).

## PROPOSED INSTRUCTION D-6

## JURORS DO NOT HAVE TO AGREE WITH REASONS

FedEx's stated reason for its actions does not have to be a reason that you, as jurors, would act on or approve.  Employers are permitted to make business decisions without a court or a jury's interference — so long as those decisions are not made because of an employee's race or because the employee engaged in protected activity. The jury may not sit as a super-personnel department to second-guess the business decisions of the employer.

*Authority for Instruction D-6: Turner v. Texas Instr., Inc.*, 555 F.2d 1251 (5th Cir. 1977), *rev'd on other grounds*, 647 F.2d 513 (5th Cir. 1981); *Risher v. Aldridge*, 889 F.2d 592, 598 (5th Cir. 1989); *Parikh v. United Artists Theatre Circuit*, 934 F.Supp. 760 (S.D. Miss. 1996).

**PROPOSED INSTRUCTION D-7**

**MOTIVATING FACTOR**

There must be proof that Plaintiffs' race or protected activity motivated the employer's actions.  Merely casting doubt on the reasons given by FedEx does not suffice to meet Plaintiffs' burden of proving that FedEx discriminated against them because of their race.

*Authority for Instruction D-7: Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 372 (5th Cir. 1997).

## PROPOSED INSTRUCTION D-8

## <u>SYMPATHY AND SPECULATION</u>

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation.  Your verdict must be based solely upon the evidence and instructions of the Court.

*Authority for Instruction D-8:* Devitt, *et al., Federal Jury Practice and Instructions*, § 71.01 (4th ed. 1987) (modified).

**PROPOSED INSTRUCTION D-9**

<u>**AGE DISCRIMINATION**</u>

Plaintiff Martin Halupka Jr. alleges that FedEx discriminated against him on the basis of his age.  It is unlawful for an employer to discriminate against an employee because of that employee's age, when the employee's age is 40 or over.  In order for Plaintiff to establish this claim against Defendant FedEx, <u>**each**</u> Plaintiff has the burden of <u>**separately**</u> proving by a preponderance of the evidence that Defendant FedEx's actions were motivated by his age.  Plaintiff must prove that Defendant FedEx **intentionally** discriminated against him; that is, his age must be proven to have been a motivating factor in Defendant's decision relating to him.

The mere fact that a Plaintiff is over the age of 40 and was subjected to an adverse employment action is not sufficient, in and of itself, to establish that age discrimination under the law.  Plaintiff is not required to prove that his age was the sole motivation for FedEx's decision; he need only prove that age played a motivating part in FedEx's decision.

*Authority for Instruction D-9:*  O'Malley, Greenig & Lee, *Federal Jury Practice & Instructions,* § 171.20 (Fifth Ed.).

**PROPOSED INSTRUCTION D-10**

**EFFECT OF INSTRUCTION AS TO DAMAGES**

There is only one trial of all the issues in this case.  At the end of this trial you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first whether FedEx is liable and, <u>if so</u>, the monetary amount of any of the Plaintiff's damages.  FedEx has just this opportunity to present evidence upon which you may decide issues of liability and, only if you find FedEx liable, issues of damages as well.  Since FedEx was required to address damages or lose the opportunity to do so, none of the evidence or discussion relating to damages presented on FedEx's behalf should be taken or construed by the jury as an admission by FedEx that it is liable to any of the Plaintiffs.  Quite the contrary, FedEx has denied all of the Plaintiffs' charges as vigorously as Plaintiffs have presented their claims.

By the same token, I am going to instruct you about damages.  The fact that I am giving you instructions on damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict.  Instructions as to the measure of damages are given only for your guidance and are to be applied <u>only</u> in the event that you should find in favor of Plaintiffs by a preponderance of the evidence, in accordance with the other instructions I have given you.

In this case, if you find for FedEx on the question of liability, you will not be concerned with the questions of damages.  But if you find in favor of any of the Plaintiffs on their claims, you will, of course, be concerned with damages.  It is my duty to instruct you as to the proper measure of damages to be applied in that circumstance.

*Authority for Instruction D-10:* Devitt, Blackmar & Wolff, *Federal Jury Practice and Instruction*, § 74.02, as modified.

## PROPOSED INSTRUCTION D-11

## <u>COMPENSATORY DAMAGES</u>

If you find that FedEx is liable to any of the Plaintiffs, then you must determine an amount that is fair compensation for that Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by FedEx's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize FedEx.  You should not award compensatory damages for speculative injuries, but only for those injuries which any of the Plaintiffs has actually suffered or that any of the Plaintiffs is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

*Authority for Instruction D-11:*  Adapted from Fifth Circuit Pattern Jury
Instructions, Civil, § 15.2 (1999).

## PROPOSED INSTRUCTION D-12

## <u>PUNITIVE DAMAGES</u>

If you find that FedEx is liable for any of the Plaintiff's injuries, you must award

that Plaintiff the compensatory damages that he or she has proven.  You also may award

punitive damages, if that Plaintiff has proved that FedEx acted with malice or willfulness

or with callous and reckless indifference to the safety or rights of others.  One acts

willfully or with reckless indifference to the rights of others when he acts in disregard of

a high and excessive degree of danger about which he knows or which would be apparent

to a reasonable person in his condition. However, FedEx may not be vicariously liable for

the discriminatory employment decisions of managerial agents where these decisions are

contrary to its good faith efforts to comply with Title VII or the ADEA.

If you determine that FedEx's conduct was so shocking and offensive as to justify

an award of punitive damages, you may exercise your discretion to award those damages.

In making any award of punitive damages, you should consider that the purpose of

punitive damages is to punish a defendant for shocking conduct, and to deter the

defendant and others from engaging in similar conduct in the future.  The law does not

require you to award punitive damages; however, if you decide to award punitive

damages, you must use sound reason in setting the amount of the damages.  The amount

of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any

party.  However, the amount can be as large as you believe necessary to fulfill the

purposes of punitive damages.  You may consider the financial resources of the defendant

in fixing the amount of punitive damages.

*Authority for Instruction D-12:*  Adapted from Fifth Circuit Pattern Jury Instructions, Civil, § 15.13 (1999); <u>Kolstad v. American Dental Assoc.</u>, 527 U.S. 526 (1999).

## PROPOSED INSTRUCTION D-13

## <u>MITIGATION OF DAMAGES</u>

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find that FedEx is liable and that any of the plaintiffs has suffered damages, that plaintiff may not recover for any item of damage which he or she could have avoided through reasonable effort.  If you find by a preponderance of the evidence that any of the plaintiffs unreasonably failed to take advantage of an opportunity to lessen his or her damages, you should deny him or her recovery for those damages which he or she would have avoided had he or she taken advantage of the opportunity.

You are the sole judge of whether any of the plaintiffs acted reasonably in avoiding or minimizing his or her damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce damages.  However, he or she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. FedEx has the burden of proving the damages that any of the Plaintiffs could have mitigated.  In deciding whether to reduce any of the plaintiff's damages because of failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether FedEx has satisfied its burden of proving that the plaintiffs' conduct was not reasonable.

*Authority for Instruction D-13:* Adapted from Fifth Circuit Pattern Jury Instructions, Civil, § 15.14 (1999).

**PROPOSED INSTRUCTION D-14**

<u>**MULTIPLE CLAIMS**</u>

You must not award compensatory damages more than once for the same injury.

For example, if the plaintiff prevails on two claims and establishes a dollar amount for his

injuries, you must not award him any additional compensatory damages on each claim.

The plaintiff is only entitled to be made whole once, and may not recover more than he

has lost.  Of course, if different injuries are attributed to the separate claims, then you

must compensate the plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each claim

that plaintiff has established.

*Authority for Instruction D-14:* Adapted from Fifth Circuit Pattern Jury Instructions,
Civil, § 15.14 (2005).

## PROPOSED INSTRUCTION D-15

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent laps of memory or an unintentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

SOURCE:        5th Cir. 1999 *Pattern Civil Jury Instruction* No. 2.16 (IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS)

## PROPOSED INSTRUCTION D-16

### RACE DISCRIMINATION

Plaintiffs claim that they were discriminated against on the basis of their race.  In order for Plaintiffs to establish this claim against Defendant FedEx, **each** Plaintiff has the burden of **separately** proving by a preponderance of the evidence that Defendant FedEx's actions were motivated by his race.  Each Plaintiff must prove that Defendant FedEx **intentionally** discriminated against him; that is, each Plaintiff's race must be proven to have been a motivating factor in Defendant's decision relating to him.

The mere fact that a Plaintiff is a member of a protected race category and was subjected to an adverse employment action is not sufficient, in and of itself, to establish that Plaintiff's claim under the law.  A Plaintiff is not required to prove that his race was the sole motivation for Defendant's decision; a Plaintiff need only prove that race played a motivating part in Defendant's decision.

*Authority for Instruction D-14*: O'Malley, Greenig & Lee, *Federal Jury Practice & Instructions,* § 171.20 (Fifth Ed.).

Respectfully submitted,

**FEDERAL EXPRESS CORPORATION**

By: /s/ T. Robert Reid
   T. Robert Reid, Esq.
   Attorney in Charge
   Senior Attorney - Litigation
   Federal Express Corporation
   3620 Hacks Cross Road
   3rd Floor – Building B
   Memphis, Tennessee 38125
   (901) 434-8485 Telephone
   (901) 434-9279 Facsimile

   Jay L. Grytdahl, Esq.
   Senior Attorney – Litigation
   Federal Express Corporation
   3620 Hacks Cross Road
   Building B, 3rd Floor
   Memphis, Tennessee  38125
   (901) 434-8590 Telephone
   (901) 434-9279 Facsimile

   James C. Tidwell,  Esq.
   Wolfe, Tidwell & McCoy, LLP
   123 North Crockett Street, Suite 100
   Sherman, Texas  75090
   (903) 868-1933 Telephone
   (903) 892-2397 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **DEFENDANT'S PROPOSED**

**JURY INSTRUCTIONS** has been served on the following counsel of record by Federal

Express, all expenses prepaid, this 22nd day of June, 2005:

>Dorothea E.H. Laster, Esq.
>Law Offices of Hopkins-Laster & Associates
>3516 Longview Drive
>Corinth, Texas  76210


<u>/s/ T. Robert Reid</u>



565358